UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL CLOOS and
CHERYL CLOOS,

        Plaintiffs,

                      Case No. 12-14956
v.                   HON. TERRENCE G. BERG

ONE WEST BANK and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
MOTION FOR DISMISSAL AND SUMMARY JUDGMENT**

This matter is before the Court on Defendants' combined motion for dismissal under Federal Rule of Civil Procedure 12(c) and summary judgment under Federal Rule 56.  This motion was fully briefed, and the parties presented oral argument during a hearing on April 29, 2013.  For the reasons set out below, Defendant's motion is GRANTED.

## I.    INTRODUCTION

This is a mortgage foreclosure case.  Plaintiffs defaulted on their mortgage and the lender began foreclosure proceedings.  Plaintiffs contacted Defendants regarding a modification but failed to timely provide all of the requested paperwork.  Without certain necessary information, Defendants were unable to determine if Plaintiffs qualified for a modification, and the foreclosure process continued.  A foreclosure by advertisement was conducted and the property was subsequently sold at a sheriff's sale.  Plaintiffs did not seek to convert the foreclosure by

advertisement into a judicial foreclosure prior to the sheriff's sale. Likewise, Plaintiffs did not redeem the property during the statutory redemption period. Plaintiffs now ask this court to convert the already completed foreclosure proceeding into a judicial foreclosure—relief which necessarily involves undoing the foreclosure itself. For the reasons that follow, Defendants' motion for dismissal and summary judgment is GRANTED.

## II.     FACTUAL BACKGROUND

On April 2, 2007, Plaintiff Cheryl Cloos (a/k/a/ Cheri Cloos) borrowed $266,250.00 from Indy Mac Bank, F.S.B. ("Indy"). (Dkt. 5, Ex. A, Note). Plaintiffs then used the proceeds of that loan to purchase property commonly known as 1664 Rush Road, Oakland, Michigan, 48363 (the "Property"). As security on the loan from Indy, Plaintiffs granted a mortgage against the Property, for the full value of the loan, to Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee and nominee for Indy, its successors and assigns. (Dkt. 5, Ex. B, Mortgage). The Mortgage was recorded with the Oakland County Register of Deeds on April 23, 2007, and subsequently assigned to OneWest Bank, FSB ("OneWest"). (Dkt. 5, Ex. C, Assignment).

In July, 2009, Plaintiffs defaulted on their mortgage by failing to make the required monthly payments. (Dkt. 5, Ex. D, OneWest Aff., ¶ 6). OneWest, as mortgagee and servicer, referred the loan to Trott & Trott, P.C. ("Trott") for foreclosure proceedings first in July, 2010, and again in April, 2011. (*Id.* at ¶ 7).[1] Following the most-recent referral, notice of acceleration of the debt was sent to

---

[1] The July, 2010 foreclosure proceedings were cancelled. (Dkt. 5, Ex. D, ¶ 8).

Cheri Cloos on May 2, 2011. (Dkt. 5, Ex. E, Indebt. Ltr.). The same day, Plaintiffs were sent notice, pursuant to MCL §600.3205a, regarding the borrowers' right to contact Trott to request a meeting to discuss loan modification options. (Dkt 5, Ex. F, 3205 Ltr; Ex. G, Trott Aff., ¶ 5). The notice was also published in the May 2, 2011 edition of the Oakland County Legal News. (*See* Dkt. 5, Ex. L, Sheriff's Deed, p. 3).

Plaintiffs timely requested a meeting through their housing counselor, and Trott responded by sending a letter on May 16, 2011, requesting that Plaintiffs complete a financial worksheet and provide certain financial information within ten days, including signed copies of their two most recent year's tax returns, with all schedules attached, and a fully executed 4506-T form, necessary to allow Trott to obtain Plaintiffs' tax records directly from the IRS. (Dkt. 5, Ex. G, ¶ 7; Ex. H, May 16 Ltr.). The requested information was not received, and a letter indicating that fact was sent to Plaintiffs and their housing counselor on June 15, 2011. (Dkt 5, Ex. G, ¶ 8; Ex. I, June 15 Ltr.).

On or about June 23, 2011, Plaintiffs provided Trott with certain, incomplete financial information. (Dkt. 5, Ex. G, ¶ 9). On July 14, 2011, Trott held a meeting with Plaintiffs and informed them that a determination regarding their request for a loan modification could not be made without certain financial information that was still missing, including (1) a recent profit and loss statement for the borrowers' business, (2) a fully executed 4506-T form, and (3) the borrowers' 2010 tax returns. (*Id*. at ¶¶ 10-11; Ex. D, ¶¶ 10-11). During that meeting, Plaintiffs were instructed

to provide the information to both OneWest and Trott by no later than August 5, 2011, and were given contact information for OneWest, specifically, an e-mail address of adam.bourne@owb.com. (Dkt. 5, Ex. D, ¶¶ 12-13; Ex. G, ¶¶ 12-14). Plaintiffs also signed a document verifying both that the meeting occurred and that the financial information already provided remained current. (Dkt. 5, Ex. J, July 14 Doc.). The required financial information was not provided by August 5, 2011. (Dkt. 5, Ex. D, ¶ 14; Ex. G, ¶ 15). As a result, on August 17, 2011, the Plaintiffs and their housing counselor were sent notice that the lender and/or servicer was unable to offer a loan modification and that foreclosure proceedings would continue. (Dkt. 5, Ex. G, ¶ 16, 18; Ex. K, Aug. 17 Ltr.). At that point, ninety days had passed since May 2, 2011, the date the loan modification notice was initially mailed to the borrowers. *See* MCL § 600.3205a(1)(e).

Notice of the foreclosure sale was published once a week for four consecutive weeks in the Oakland County Legal News beginning on August 24, 2011, and ending on September 14, 2011. (Dkt. 5, Ex. L, p. 4). Notice of the foreclosure sale was also posted at the Property on August 31, 2011. (*Id*. at p. 5).

On August 24, 2011, and September 9, 2011, Plaintiffs were sent additional letters advising them of the missing or deficient financial documents, along with detailed instructions on how to cure the defects. (Dkt. 5, Ex. D, ¶ 15; Ex. M, Aug. 24 Ltr; Ex. N, Sept. 9 Ltr).[2] Again, the documents were not received and on September

---

[2] Although Plaintiffs allege that they provided the requested documents (Compl., ¶ 22), they have presented no evidence showing that the documents were actually provided to Defendants. Because the motion is made under both 12(c) and 56 of the Federal Rules of Civil Procedure, the Court must not only consider the sufficiency of the complaint, but also whether any material issue of fact has

4

20, 2011, another letter was sent to Cheri Cloos notifying her that her request for a loan modification could not be fulfilled. (Dkt. 5, Ex. D, ¶ 16; Ex. O, Sept. 20 Ltr.).

The foreclosure by advertisement resulted in a sheriff's sale on September 27, 2011, and OneWest was the successful purchaser. (Dkt. 5, Ex. L). The Sheriff's Deed contains an affidavit verifying that the borrowers requested a meeting, but that no agreement could be reached, the borrowers were not eligible for a loan modification, and the requisite 90-day time period had elapsed. (*Id.* at p. 9). On November 4, 2011, the Property was quit-claimed to Defendant Federal National Mortgage Association ("Fannie Mae"). (Dkt. 5, Ex. P, Quit Claim Deed). The redemption period expired on September 27, 2012 without Plaintiffs exercising the right of redemption.[3]

The Summons and Complaint which is the subject of this suit was filed in the Circuit Court for Oakland County, Michigan, on September 25, 2012.[4] Defendants removed that case to this court on November 11, 2012 (Dkt. 1).

## III. ANALYSIS

### A. Standards of Review

1) Federal Rule of Civil Procedure 12(c)

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standards as Rule 12(b)(6) motions to

---

been raised. Plaintiffs have presented no evidence, of any kind, supporting their claim that they sent the requested information. For purposes of this motion, therefore, nothing in the record refutes Defendants' contention that Plaintiffs did not provide the requested documents.

[3] Defendants' motion incorrectly identified September 27, 2011 (the date of the sheriff's sale), as the date on which the redemption period expired. The Sheriff's Deed states that the last date to redeem the property is September 27, *2012*.

[4] Case No: 2012-1295410-CH. This lawsuit was filed almost one year after the sheriff's sale was completed—two days prior to the expiration of the redemption period.

5

dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998). A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly,* 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler* v *IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). A plaintiff has the duty, however, to provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. Of*

6

*Virginia,* 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

    2)    Federal Rule of Civil Procedure 56

A motion for summary judgment may be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

If the moving party meets its burden, summary judgment will be granted unless the non-moving party makes a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322-23. Under the Federal Rules of Civil Procedure, the non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth, by affidavits or otherwise, specific facts which demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(c). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

**B.     Discussion**[5]

Defendants seek summary judgment and dismissal of Plaintiffs' complaint, arguing that it is not supported by any facts or evidence and does not provide any legal basis upon which the Court could grant relief. These arguments are well taken.

Before addressing the substance of Defendants' motion, the Court notes the fact that Plaintiffs' response to Defendants' motion for dismissal and summary judgment fails to provide any evidence to challenge Defendants' factual assertions; the documentary evidence that was attached to Plaintiffs' response only serves to confirm the facts as stated by Defendants. (*See* Dkt. 9, Pls.' Resp. to Defs.' Mot.). This, "failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Alexander v.*

---

[5] The exhibits attached to Defendants' motion include matters outside the pleadings. As such, even though the motion was filed under both under both Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 56, the Court will treat the motion as one for summary judgment. *See United Brotherhood of Carpenters and Joiners of America v. Ohio Carpenters Health and Welfare Fund,* 926 F.2d 550, 558 (6th Cir. 1991) ("When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceeding must be considered one for summary judgment.").

*CareSource,* 576 F.3d 551, 558 (6th Cir. 2009); *see also Rugiero v. Flagstar Bank, FSB.*, No. 11-12312, 2013 WL 1316910 at *5 (E.D. Mich. March 29, 2013). Likewise, Plaintiffs' response cites no law in support of the sole legal theory articulated by its complaint, a theory that (1) Defendants' motion directly refutes and (2) multiple judges of this district have previously rejected. *See Butts v. JPMorgan Chase Bank, N.A.*, No. 12–13282, 2012 WL 6194228 (E.D. Mich. Dec.12, 2012) (Duggan, D.J.); *Rugiero*, 2012 WL 6194228 at *8-11 (Borman, D.J.).

While the failure to substantively respond to Defendants' factual and legal arguments is a sufficient basis for this Court to grant Defendants' motion, Plaintiffs' complaint also fails as a matter of law. The complaint consists of one count, seeking conversion of a foreclosure by advertisement into a judicial foreclosure, pursuant to Michigan Compiled Laws § 600.3205c, which provides in part:

> (8) **If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section**, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

(emphasis added). For Plaintiffs' theory to succeed, Defendants must have violated the loan modification statute. MCL § 600.3205c contains numerous subsections, however, and Plaintiffs' complaint fails to allege which parts of the law Defendants

9

violated. Instead, Plaintiffs make reference to implied duties of good faith and fair dealing and generally allege that Defendants foreclosed on the Property despite leading Plaintiffs to believe that they were entitled to a loan modification. Plaintiffs have offered no law in support of that theory. Regardless, in light of the undisputed facts, Defendants were entitled to move forward with the foreclosure and their actions did not violate Michigan's modification statute.[6] Even drawing all inferences in the light most favorable to Plaintiffs, no evidence has been adduced that would permit a reasonable trier of fact to find that Defendants violated MCL § 600.3205c. As such, summary judgment is appropriate.

Even if Plaintiffs had provided sufficient evidence to raise a question of material fact, there is another significant problem with the cause of action. The sole remedy for a violation of MCL § 600.3205c is conversion of a foreclosure by advertisement into a judicial foreclosure. Essentially, Plaintiffs are requesting the Court to convert an *already completed* foreclosure by advertisement into a judicial foreclosure. This relief is not provided for by the applicable statute. *See Smith v. Bank of Am. Corp.,* 485 F. App'x 749, 756 (6th Cir. 2012), finding that "[Plaintiffs] appear to have missed the boat regarding the applicability of this statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert;" *see also, Steinberg*

---

[6] Under MCL § 600.3205b(2), "If the borrower does not provide the documents requested as required by this subsection, a party entitled to foreclose the mortgage may proceed with the foreclosure," and, as previously stated, Plaintiffs have failed to offer any evidence to show that they provided the requested documents.

*v. Federal Home Loan Mtg. Corp.,* --- F. Supp. 2d ----, No. 11-15182, 2012 WL 4498297 at *5 (E.D. Mich. Sept. 28, 2012) ("The appropriate remedy for a violation of the [loan modification] statute would be to ask that the foreclosure by advertisement be converted into a judicial foreclosure. The property has already been foreclosed and the redemption period expired. Such relief is no longer available."); *Adams v. Wells Fargo Bank,* No. 11-10150, 2011 WL 3500990 at *4 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."); *Rugiero*, 2013 WL 1316910 at *8 (collecting cases). As there is no pending foreclosure to convert into a judicial proceeding, Plaintiffs' claim would necessarily fail.

Furthermore, if such a conversion were possible, it would only be appropriate to do so if the borrower were entitled to set aside the completed foreclosure sale. *See Butts*, 2012 WL 6194228 at *4. There is no such entitlement here—now that the statutory redemption period has expired and Plaintiffs have not exercised their right to redeem, Plaintiffs have lost all rights to the Property. *See Piotrowski* v *State Land Office Board,* 302 Mich. 179; 4 N.W.2d 514 (1942) ("plaintiffs did not avail themselves of their right to redemption in the foreclosure proceedings and at the expiration of such right ... all plaintiffs' rights in and title to the property were extinguished."). Multiple state and federal courts in Michigan have applied *Piotrowski* to bar claims seeking to set aside foreclosures after the expiration of the

statutory redemption period. *See Rugiero*, 2013 WL 1316910 at *9, fn.4 (collecting cases). Even Plaintiffs who file suit within the redemption period are generally barred from challenging their foreclosures, as "the mere filing of an action does not give rise to tolling." *Butts*, 2012 WL 6194228 at *3 (citing *Overton v. Mortgage Elec. Registration Sys.,* No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (per curiam)).

It is still possible to set aside a foreclosure after the redemption period has expired, but this should be viewed as the exception rather than the rule. "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin v. Mortgage Elec. Registration Sys., Inc.*, --- F.3d ----, No. 12-2021, 2013 WL 1442263 (6th Cir. Apr. 10, 2013) (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). This is a "high standard" to meet, as "[t]he misconduct must relate to the foreclosure procedure itself." *Conlin*, 2013 WL 1442263 at *3, (citing *El-Seblani v. IndyMac Mortg. Servs.*, No. 12-1046, 2013 WL 69226 at *4 (6th Cir. Jan. 7, 2013)).

Plaintiffs have not alleged any fraud in the underlying foreclosure by advertisement. The complaint, as stated previously, consists solely of a claim for conversion of that foreclosure into a judicial foreclosure, based on a purported violation of Michigan's loan modification law. Even if Plaintiffs could show a violation of the modification law, that would not be enough to set aside a foreclosure after the expiration of the redemption period. In order to do that, a plaintiff must

also show prejudice. *See Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472 at *7-8 (E.D. Mich. Jan. 16, 2013) (noting that *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012), was abrogated by *Kim v. JPMorgan Chase Bank, N.A.,* No. 144690, 2012 WL 6858059 (Mich. Dec. 21, 2012), and holding that "violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity"). Specifically, even assuming for the sake of argument that some violation of the loan modification statute were shown, Plaintiffs must be able to demonstrate prejudice by showing that they could be "in a better position to preserve [their] interest[s] in the property absent defendant[s'] alleged non-compliance with the statute." *Acheampong,* 2013 WL 173472 at *8. Plaintiffs have not made such a showing and cannot do so: First, it was Plaintiffs' own failure to provide certain necessary documents that prevented Defendants from determining whether they qualified for a modification; second, Plaintiffs have not even provided the documents in opposition to this motion, so even if Defendants had the necessary information to consider Plaintiffs for a modification, Plaintiffs have not shown that they would have been entitled to one; third, simply showing that they were denied a modification they qualified for would be unavailing, as "loan modification is not mandatory upon demonstration of qualification. Rather, if a mortgagee declines to modify a loan despite the mortgagor's eligibility, the mortgagee is not permitted to pursue foreclosure by advertisement, and must instead proceed via judicial foreclosure." MCL § 600.3205a(1)(g)." *Stein v. U.S. Bancorp*, No. 10-14026**,** 2011 WL 740537 at *9 (E.D. Mich. Feb. 24, 2011).

13

Consequently, Plaintiffs are unable to satisfy the high standard of showing fraud or irregularity in the foreclosure which is necessary following the expiration of the redemption period.

Therefore, even if Plaintiffs' complaint had alleged an actual violation of Michigan's mortgage foreclosure statute, and even if it were possible to convert an already completed foreclosure by advertisement into a judicial foreclosure, Plaintiffs lost the ability to challenge that foreclosure on September 27, 2012, when the statutory redemption period expired without their having redeemed the property. In the absence of any allegation of fraud or irregularity, there is no plausible claim that could support setting aside the foreclosure, and no facts have been adduced by plaintiffs in support of such a claim. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Dismissal and Summary Judgment (Dkt. 5) is **GRANTED**. Accordingly, this case is **DIMISSED**.

Dated: May 3, 2013
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 3, 2013, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager